```
                                              FILE_  eg

     IN THE UNITED STATES DISTRICT COURT     05 APR 21 AM 9 3
     FOR THE WESTERN DISTRICT OF TENNESSEE
                WESTERN DIVISION             ROBERT R. DI  CLIO
                                             CLERK, U.S. DI   CT.
                                             W.D. OF TN, MEMPHIS
```

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                         Cr. No. 00-20059(G)Ma

KARLOS CLINTON,

      Defendant.

---

ORDER DENYING MOTIONS FOR FREE TRANSCRIPTS AND COPIES
AND
ORDER DENYING MOTION FOR EXTENSION OF TIME
TO FILE MOTION UNDER 28 U.S.C. § 2255

---

On June 10, 2004, the defendant, Karlos Clinton, Bureau of Prisons registration number 17305-076, an inmate at the Federal Correctional Institution in Memphis, filed a pro se motion requesting free transcripts and copies. On March 22, 2005, Clinton filed a motion for an extension of time to file a motion under 28 U.S.C. § 2255.

Defendant Karlos Clinton was convicted by a jury at retrial on two counts of armed robbery, in violation of 18 U.S.C. §§ 2 and 2113(a), (d), and two counts of carrying, using, or brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 2 and 924(c). Clinton was sentenced to two concurrent terms of 70 months imprisonment for each robbery count, a consecutive sentence of seven years imprisonment on the first

This document entered on the docket sheet in compliance
with Rule 55 and/or 32(b) FRCrP on 4-22-05



firearms count, and an additional consecutive sentence of 25 years imprisonment on the second firearms count. Clinton appealed and the Sixth Circuit affirmed the judgment of the district court. United States v. Clinton, No. 01-5731, 338 F.3d 483 (6th Cir. Aug. 5, 2003), cert. denied, No. 03-7347, 540 U.S. 1084 (Dec. 8, 2003).

Clinton requests copies of the trial transcripts and sentencing transcript.[1] If an indigent criminal defendant seeks a free transcript to use in preparing a motion under 28 U.S.C. § 2255, he may only obtain one "if the trial judge or a circuit judge certifies that the suit . . . is not frivolous and that the transcript is needed to decide the issue presented by the suit." 28 U.S.C. § 753(f).

In order for the Court to decide if the suit is not frivolous, a defendant must make a particularized showing of need for the transcript to justify providing the transcript at government expense. United States v. MacCollom, 426 U.S. 317, 326 (1976). "A federal prisoner is not entitled to obtain copies of court records at the Government's expense to search for possible defects merely because he is indigent." Campbell v. United States, 538 F.2d 692, 693 (5th Cir. 1976). See also United States v. Lewis, 605 F.2d 379, 380 (8th Cir. 1979)(no post-appeal right to a transcript before filing motion under 28 U.S.C. § 2255); Bentley v. United States, 431 F.2d 250, 252 (6th Cir. 1970)(defendant not entitled to free transcript to search for grounds to file a motion under §

---

[1] Clinton also seeks copies of transcripts for hearings on pre-trial motions. The case file does not contain any transcripts for pre-trial motions, nor does the docket reflect that any hearings were held on pre-trial motions.

2

2255); United States v. Glass, 317 F.2d 200, 202 (4th Cir. 1963)("An indigent is not entitled to a transcript at government expense without a showing of the need, merely to comb the record in the hope of discovering some flaw.").[2]

> "If the Court is not given the benefit of some definite allegation as to the nature of the alleged illegal aspects of the judgment and sentence, it is but natural to surmise that this is a fishing expedition and that the present vague allegation of illegality is not made in good faith."

Culbert v. United States, 325 F.2d 920, 922 (8th Cir. 1964)(quoting United States v. Lawler, 172 F. Supp. 602, 605 (S.D. Tex. 1959)).

Clinton provides no factual basis supporting any claims to be derived from the requested transcripts. He merely alleges that a failure to grant his request "would result in a denial of due process." The defendant has thus not shown any particularized need for transcripts, and the Court has no grounds on which it can conclude, as required by section 753(f), that a motion to vacate, if filed, would be nonfrivolous. Accordingly, the motion for free copies of transcripts is without merit and is DENIED.

Should the defendant merely seek to purchase copies of transcripts, he should correspond directly with the court reporter

---

[2] Moreover, there is a split of authority regarding whether the transcript may be obtained before the actual filing of the § 2255 motion. Cf. United States v. Losing, 601 F.2d 851 (8th Cir. 1979)(transcript cannot be provided under § 753(f) until § 2255 motion actually has been filed) with United States v. Shoaf, 341 F.2d 832 (4th Cir. 1964)(transcript should be provided to assist in preparation of motion if the putative movant makes a showing of need). For a thorough analysis of the underpinnings of these two cases and their progeny, see United States v. Chambers, No. 87-CR-80933-DT-04, 1992 U.S. Dist. LEXIS 4024 (E.D. Mich. March 23, 1992). The inadequacy of defendant's motions renders resolution of this issue unnecessary.

3

through the Court Clerk's office and make the appropriate arrangements for pre-payment.

Clinton also seeks a copy of "the complete lawyers['] files of all information pertaining" to his case. To the extent that Clinton requests free copies of documents filed in his criminal case, his motion should be construed as a motion under 28 U.S.C. § 1915(a). The request is without merit, however. Under 28 U.S.C. § 1914(b), the district court must collect a fee for photocopies of court records and reproductions of magnetic tape recordings in an amount prescribed by the Judicial Conference of the United States. The Judicial Conference Schedule ¶ 4(1) sets the photocopying fee at fifty cents per page and ¶ 5 sets the fee for reproduction of an audio tape recording at twenty dollars per cassette. See Judicial Conference Schedule of Fees, note following 28 U.S.C. § 1914. Section 1915 does not "give the litigant a right to have documents copied and returned to him at government expense." In Re Richard, 914 F.2d 1526 (6th Cir. 1990)(denying petition seeking writ of mandamus directing district court to provide free copy of the notice of appeal in case dismissed under § 1915(d)).

Furthermore, the files of appointed counsel are not within the keeping of this court. While appointed counsel was entitled to free copies of any documents in the record that were needed to represent the defendant on appeal, that appeal has concluded and counsel's representation has ceased. It is not appropriate to require Clinton's counsel to provide Clinton with copies of the record and transcripts. No provision of law entitles the defendant

4

to any additional free copies for his personal use. Defendant may, of course, obtain access to any public records available from the Court, but he must pay a fee for any copies he requests. Accordingly, also construed as a motion for free copies, the motion is without merit and is DENIED.

With regard to Clinton's motion for an extension of time to file a motion to vacate, this Court does not have the authority to grant extensions of time to file § 2255 motions. Starnes v. United States, 18 Fed. Appx. 288, 293 n.2 (6th Cir. Aug. 22, 2001) ("[W]e note that the fact that the statute of limitations may be waived does not mean that the courts have the power to extend the period upon motion of a defendant. The courts that have addressed this issue have uniformly held that they lack jurisdiction over motions to extend the time in which to bring § 2255 motions; rather, the court may not consider the timeliness of a § 2255 motion until the petition is actually filed."); Reed v. United States, 13 Fed. Appx. 311, 313 (6th Cir. June 15, 2001) (affirming dismissal of § 2255 motion as time barred; "Although Reed argued that the district court had granted him leave to file an untimely § 2255 motion in a letter predating the filing of his motion, the district court did not have the authority to do so. Federal courts simply lack jurisdiction to consider a request for an extension of time to file a § 2255 motion."); see also United States v. Chambliss, No. 97-1655, 1998 WL 246408, at *1 (6th Cir. May 4, 1998) ("The timeliness of a § 2255 motion can be addressed by the district court if and

when a § 2255 motion is filed. There is currently no case or controversy and this court does not render advisory opinions.").

Defendant's motion for an order extending the limitations period is DENIED. The defendant also should not assume that the pendency of this motion tolled the time for filing a § 2255 motion. See Starnes, 18 Fed. Appx. at 293 n.2.

IT IS SO ORDERED this 20th day of April, 2005.

_____
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 90 in case 2:00-CR-20059 was distributed by fax, mail, or direct printing on April 22, 2005 to the parties listed.

---

Paul M. O'Brien
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Karlos A. Clinton
FCI-MEMPHIS
17305-076
P.O. Box 34550
Memphis, TN 38138--055

Honorable Samuel Mays
US DISTRICT COURT